**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE CO.** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:20-cv-01961-SAG |
| **JESSE J. MURPHY, et al.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Liberty Mutual Insurance Co. ("Plaintiff"), sued Jesse J. Murphy and J.M. Murphy Enterprises, Inc. (collectively, "Defendants"), asserting a breach of contract claim involving a construction contract and related surety bonds issued by Developers Surety and Indemnity Company ("Developers").[1] ECF 17, ¶¶ 45-51. Defendants moved to dismiss, asserting that the Court lacked subject matter jurisdiction because several of the disputed bond payments occurred outside the statute of limitations and could not be included in the amount in controversy. ECF 23. Plaintiff opposed the motion, ECF 24, and Defendants replied, ECF 27. Significantly, the parties disagree whether an emergency administrative order issued by Chief Judge Mary Ellen Barbera of the Maryland Court of Appeals (the "Emergency Order"), which tolled limitations periods in Maryland state court due to the COVID-19 pandemic, applies in federal court. In a March 12, 2021 hearing, the Court indicated to the parties that it was considering certifying a question to the Maryland Court of Appeals as to the constitutionality and applicability of the Emergency Order and asked the parties to submit supplemental briefing. ECF 28. Plaintiff and Defendants submitted supplemental briefs, ECF 30, 31, as well as supplemental responses, ECF 32, 33. No further

---

[1] Plaintiff is the administrator and assignee of Developers, by virtue of a reinsurance agreement between the two entities.

hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Court will certify some form of the following question to the Maryland Court of Appeals, subject to additional input from the parties as specified in the Order accompanying this opinion:

> Did the Maryland Court of Appeals act within its enabling authority under, *inter alia*, the State Constitution and the State Declaration of Rights when its April 24, 2020 Administrative Order tolled Maryland's statutes of limitation in response to the COVID-19 pandemic?

## I.    FACTUAL BACKGROUND

Given the nature of the proposed question of certification, it is not necessary to delve into the factual background of this case in much detail. However, some brief context is necessary to understand why the question of timing—and, thus, the applicability of the Emergency Order—is significant.

This action arises from Developers's provision of bonds guaranteeing Defendants' performance under a 2016 subcontract for concrete work at the Maryland State Police Flight Training Facility at Martin State Airport. ECF 17 ¶ 6. Plaintiff, as Developers's assignee, alleges that, on account of at least five claims against the payment bond in January-February 2017, plus attorney's and consulting fees, Developers incurred $109,300.90 in damages. *Id.* ¶¶ 21-36. Plaintiff claims, further, that Defendants are liable to reimburse Developers for all such damages pursuant to an indemnity agreement. *Id.* ¶¶ 8-13, 38. Defendants, on the other hand, assert that significant portions of the damages sought in the Amended Complaint are time-barred on its face, such that only $43,535.77 in covered costs were paid by Developers within three years of the filing date, the generally applicable limitations period for a contractual dispute. ECF 23 at 4-6. As such, Defendants assert that this Court lacks subject matter jurisdiction, because the amount in controversy fails to meet the $75,000 threshold for federal diversity jurisdiction. *Id.*

2

Plaintiff counters by arguing that the Emergency Order, which extended certain deadlines on account of the physical closure of Maryland's state courts, served to extend the three-year deadline to file the initial complaint in this United States District Court. ECF 24 at 2-5. The Emergency Order, in relevant part, reads as follows:

> Pursuant to Maryland Rule 16-1003(a)(7), all statutory and rules deadlines related to the initiation of matters required to be filed in a Maryland state trial or appellate court, including statutes of limitations, shall be tolled or suspended, as applicable, effective March 16, 2020, by the number of days that the courts are closed to the public due to the COVID-19 emergency by order of the Chief Judge of the Court of Appeals.

*See* Section (a), April 24, 2020 Amended Administrative Order Clarifying the Emergency Tolling or Suspension of Statutes of Limitations and Statutory and Rules Deadlines.

## II. LEGAL STANDARD

The Maryland Uniform Certification of Questions of Law Act provides that the Maryland Court of Appeals may address "question[s] of law certified to it by a court of the United States ... if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute." Md. Code Ann., Cts. & Jud. Proc. § 12-603 (emphasis supplied). The purpose of the Certification Act "is 'to promote the *widest possible* use of the certification process in order to promote judicial economy and the proper application of [Maryland]'s law in a foreign forum.'" *Proctor v. WMATA*, 412 Md. 691, 705 (2010) (citation omitted) (emphasis in *Proctor*).

The Fourth Circuit has endorsed certification of substantial, unresolved questions of state law to a state's highest court, where a certification procedure is available and resolution of the questions is necessary to the case, because certification "ensur[es] the correct legal outcome, aid[s] in judicial economy, and manifest[s] proper respect for federalism." *Sartin v. Macik*, 535 F.3d 284, 291 n. 6 (4th Cir. 2008). The role of a federal court when considering an issue of state law is

3

to "interpret the law as it believes that state's highest court of appeals would rule." *Abadian v. Lee*, 117 F.Supp.2d 481, 485 (D.Md.2000) (citing *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir. 1992), cert. denied, 506 U.S. 824 (1992)); *accord Private Mortg. Inv. Servs., Inc. v. Hotel & Club Assocs., Inc.*, 296 F.3d 308, 312 (4th Cir. 2002) (stating that federal court's task in considering an issue of state law is to "predict how [the state's highest] court would rule if presented with the issue"). Thus, a federal court ordinarily cannot speak with precedential authority on a matter of state law. In several procedural contexts, the Supreme Court has invoked the principles of federalism and comity, stating: "Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

To this end, the Fourth Circuit has prescribed a two-step inquiry for determining whether certification to the Maryland Court of Appeals is appropriate. First, the referring Court must consider whether the question at hand "may be determinative of an issue in pending litigation." *Antonio v. SSA Sec., Inc.*, 749 F.3d 227, 234 (4th Cir. 2014) (quoting Md. Code Ann., Cts. & Jud. Proc. § 12-603). Second, the Court must look to whether there is a "controlling appellate decision, constitution provision, or statute of [Maryland]." *Id.* (quoting Md. Code Ann., Cts. & Jud. Proc. § 12-603).

## III. ANALYSIS

Both parties suggest that this Court need not certify this question to the Maryland Court of Appeals, albeit for different reasons. Defendants argue that the plain language of the Emergency Order, as well as the statutory authority invoked by the Court of Appeals in issuing the Order, plainly limit its application only to Maryland state courts. ECF 31 at 2-6. Plaintiff, on the other

4

hand, suggests that it can meet the amount in controversy requirement regardless of whether the claims at issue are time-barred, such that it is irrelevant whether the Emergency Order tolled the statute of limitations in this case. ECF 30 at 2-8. These arguments are addressed in turn.

### a. Plain Language of the Emergency Order and its Authorizing Statutes

Defendants argue that the Emergency Order, as well as its enabling legislation—Maryland Rules 16-1001 *et seq.* and Article IV, § 18 of the Maryland Constitution—by their plain language apply solely to state courts. Thus, Defendants posit, the emergency order cannot be read to apply to this litigation in federal court because "controlling . . . constitution provision[s], or statute[s] of [Maryland]," *Antonio*, 749 F.3d at 234, foreclose certification. ECF 31 at 4-6. While it is true that the language of all three cited authorities limits the scope of their applicability to state courts, that fact, without more, does not control in the context of a federal court sitting in diversity. The *Erie* doctrine requires the adoption of state substantive law in diversity cases, which the Fourth Circuit has determined includes state statutes of limitation and tolling provisions. *See, e.g.*, *Bonham v. Weinraub*, 413 Fed. App'x. 615, 616 (4th Cir. 2011) (citing Supreme Court jurisprudence to conclude that a state's statute of limitations is "considered substantive law" pursuant to *Erie*, such that if the state's "statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery"); *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (relying on "the settled principle that such state tolling provisions are effectively substantive for *Erie* purposes"). The Emergency Order explicitly seeks to toll or suspend "all statutory and rules deadlines . . . including statutes of limitations," and thus would appear, on its face, to be substantive state law applicable in this diversity suit.

Defendants have not cited, and the Court is not aware of, any precedent suggesting that the *Erie* analysis is altered by a state rule's self-described application exclusively to state courts. In

5

fact, the Supreme Court has long held that a state's own characterization of its laws is not determinative in the *Erie* analysis, and that, instead, a federal court sitting in diversity must determine whether a state provision is "substantive" by examining the practical ramifications of the decision. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945). To this end, the longstanding "outcome determinative" test, as well as an assessment of the Emergency Order's effect in light of *Erie*'s twin aims, confirms that it is substantive law that should be applied in this diversity suit. *See id.* at 109 (establishing the "outcome determinative" analysis); *Hanna v. Plumer*, 380 U.S. 460, 468 (1965) ("The 'outcome-determination' test therefore cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws."). The Emergency Order is outcome determinative because, by extending the length of time a litigant has to file suit, it alters the outcomes of cases that would not have otherwise been timely filed. Those suits can now be heard on the merits instead of being dismissed on procedural grounds. The so-called twin aims of the *Erie* doctrine—to discourage forum shopping and to avoid inequitable administration of the laws—are similarly implicated here. If this Court concludes that the Emergency Order was procedural and inapplicable in federal court, it would result in differing, unequal outcomes in the two forums. Plaintiff would be able to bring certain claims in Maryland state court that it could not bring here, which would encourage precisely the sort of forum shopping that *Erie* aims to prevent.

The foregoing *Erie* assessment, concluding that the Emergency Order is state substantive law, is further supported by several federal courts across the country which have considered similar pandemic emergency orders issued by their state's highest courts. To date, those courts have consistently applied those state court tolling orders in calculating limitations periods in diversity

cases. *See, e.g.*, *Bownes v. Borroughs Corp.*, No. 1:20-CV-964, 2021 WL 1921066, at *2 (W.D. Mich. May 13, 2021) (including the Michigan Supreme Court's order tolling the statute of limitations in its timeliness calculations for a filing in federal court); *Murden v. Wal-Mart*, No. 2:20-CV-2505-JPM, 2021 WL 863201, at *2-3 (W.D. Tenn. Mar. 8, 2021) (finding that certain claims fell "squarely within the Tennessee Supreme Court's Administrative Order," which extended statutes of limitation in light of COVID-19, and thus was timely filed in federal court). Most directly on point here, a federal district court in Texas addressed a similar set of orders from the Texas Supreme Court extending various deadlines and limitations periods. *Allen v. Sherman Operating Co., LLC*, No. 4:20-CV-290-SDJ-KPJ, 2021 WL 860458, at *7-11 (E.D. Tex. Feb. 18, 2021). The court in *Allen* conducted an in-depth *Erie* analysis and ultimately concluded that the Texas orders were substantive law, explicitly rejecting the notion that the orders were purely procedural mechanisms with no authority beyond the state courts of Texas. *Id.* Specifically, the *Allen* court concluded that the orders were outcome determinative for much the same reasons this Court has here and identified application of the orders as necessary to avoid forum shopping and ensure equitable administration of the laws. *Id.* at *9. Closer to home, in March of this year, another court in the District of Maryland, sitting in diversity, concluded that Maryland's Emergency Order "tolled statutes of limitation . . . rendering [the plaintiff's] claims timely if adequately pleaded." *Robinson v. City of Mount Rainier*, No. GJH-20-2246, 2021 WL 1222900, at *14 (D. Md. Mar. 31, 2021). As this case law suggests, courts across the country, including at least one other court in this District, have treated state court emergency orders as substantive law, importing and applying their tolling effect in federal court as required by *Erie*.[2]

---

[2] Defendants point to a single sentence in another opinion from this District, in which the court concluded the Emergency Order was inapplicable to a timeliness question. *See Kumar v. First Abu Dhabi Bank USA N.V.*, No. CV ELH-20-1497, 2020 WL 6703002, at *6 (D. Md. Nov. 13,

For the foregoing reasons, Defendant's contention that the Emergency Order and its authorizing legislation limits the Order's application solely to cases filed in Maryland state court falls short. To find that a state could prevent a federal court from applying what is clearly the substantive law simply by purporting to limit its scope to state courts would flip *Erie* on its head and would fundamentally alter the nature of diversity actions. The Court instead concludes that the Emergency Order must be applied in diversity cases—assuming it is constitutionally valid under Maryland law.

### b. Validity of the Emergency Order

Though the Court has determined the Emergency Order is substantive law that tolls Maryland's the statute of limitations, there remains a potential barrier to its application: its potential invalidity. The parties have not identified any case law assessing the Emergency Order's (or other similar administrative actions') validity, and the Court not found any Maryland precedent on point. The Maryland Constitution explicitly empowers the Maryland Court of Appeals to "adopt rules and regulations concerning the practice and procedure in and the administration of the appellate courts and in the other courts of this State, which shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law." Maryland Constitution, Article IV, § 18. Even so, this language only refers to "practice and procedure in the administration of the . . . courts," which does not clearly or definitively include modification of the substantive statutes of limitation passed by the Maryland legislature. In other contexts, Maryland courts have distinguished between legislatively-passed statutes and judicially-enacted

---

2020) ("The guidance and protocols of the Maryland State judiciary do not apply here, as the federal judiciary is separate from the State."). This Court is unconvinced that the dicta in that case represents a considered rejection of the substantive analysis set forth above.

rules on separations of powers grounds. *See, e.g.*, *Consol. Const. Servs., Inc. v. Simpson*, 372 Md. 434, 450 (2002) ("[T]he fact that the Maryland Rules have the force of law does not mean that a rule is a statute."). Put simply, the fact that the Emergency Order, unilaterally issued by Chief Judge Barbera, has such a deeply substantive effect—tolling a statutory limitations period for an extended period of time rather than making a mere short-term procedural or administrative change to filing procedures—raises a question as to its constitutional validity.

While "[c]ertification does not constitute 'a panacea for resolution of those complex or difficult state law questions which have not been answered by the highest court of the state,'" *Swearingen v. Owens–Corning Fiberglas Corp.*, 968 F.2d 559, 564 (5th Cir. 1992), the question of the Emergency Order's validity is uniquely ill-suited for resolution by a federal district court because it implicates far-reaching questions as to the functioning and authority of the Maryland state courts, particularly during unprecedented emergencies like the COVID-19 pandemic, *see Bourgeois v. Live Nation Ent., Inc.*, No. CIV.A. ELH-12-58, 2012 WL 2234363, at *8 (D. Md. June 14, 2012) (citing, among other factors, "the potentially far-reaching impact" of a question's resolution as a reason to certify). Defendants' point is well-taken that certification of the validity question would require the Maryland Court of Appeals to determine whether its own actions violated Maryland's Constitution, thus coming into tension with the longstanding principle that "no man may judge himself." However, there are overwhelming federalism concerns implicated by a federal district court potentially concluding, on entirely state law grounds, that Chief Judge Barbera did not have the authority to toll the statutes of limitation in the fashion she did. Such a decision would dramatically alter the Maryland's legal landscape, possibly upending myriad cases in Maryland state court that have up to this point been allowed to proceed due to the tolled limitations period. The Court of Appeals is indisputably better positioned to interpret Maryland's

Constitution on this question and is better equipped to analyze the interplay between the state's laws and the state court's administrative and procedural authority given the far-reaching consequences for the Maryland court system. While it does not make this decision lightly, this Court concludes that certification of the question of the Emergency Order's validity under Maryland's Constitution is appropriate.

### c. Attorneys' Fees and the Amount in Controversy

Plaintiff focuses its briefing near-exclusively on a different issue, namely its contention that it can meet the amount in controversy requirement even if the claims at issue are time-barred by virtue of its contract-based claim for attorneys' fees. *See* ECF 30 at 2-8. Regardless of the merits of this argument, it does not impact the Court's analysis as to whether certification is appropriate. Even if it is true that the amount in controversy requirement can be otherwise satisfied, this Court will still eventually have to determine whether the allegedly time-barred claims can be substantively included in this lawsuit. Put differently, the question of whether the Emergency Order is valid and thus has tolled the statute of limitations is not only relevant to subject matter jurisdiction but also to the scope of the claims to be considered by the trier of fact in this Court. Moreover, if the claims are ultimately found not to be time-barred because the Emergency Order is valid, then it is irrelevant whether the amount in controversy can be met without the time-barred claims. It is thus possible that, depending on the Maryland Court of Appeals' decision, it may be unnecessary for the Court to evaluate Plaintiff's argument about its attorneys' fees. For these reasons, the Court will not presently evaluate the merits of Plaintiff's contention and will wait until the Maryland Court of Appeals has taken action on the certified question.

## IV. CONCLUSION

For the reasons set forth above, the Court will certify some form of the following question to the Maryland Court of Appeals, subject to additional wording input from the parties:

> Did the Maryland Court of Appeals act within its enabling authority under, *inter alia*, the State Constitution and the State Declaration of Rights when its April 24, 2020 Administrative Order tolled Maryland's statutes of limitation in response to the COVID-19 pandemic?

Additionally, pursuant to Maryland Rule 8-305(b), the parties are directed to submit to the Court proposed relevant factual allegations to be submitted to the Maryland Court of Appeals and to confer as to which party shall be treated as the appellant in the certification procedure. As a final point, the Court will administratively terminate Defendants' presently pending motion to dismiss, ECF 23, subject to reopening once the Maryland Court of Appeals has taken action in response to the certified question. Each of these considerations and next steps will be outlined in a separate Order, which follows.

Dated: July 2, 2021 /s/
Stephanie A. Gallagher
United States District Judge